Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CREATIVE PHOTOGRAPHERS, INC., a New York Corporation,

Plaintiff,

v.

GRAMERCY GLOBAL ENTERTAINMENT, LLC, a Delaware Limited Liability Company; BANIJAY ENTERTAINMENT HOLDINGS US, INC. d/b/a BANIJAY STUDIOS N.A., a Delaware Corporation; and DOES 1-10,

Defendants.

Case No.

PLAINTIFF'S COMPLAINT FOR
1. DIRECT COPYRIGHT INFRINGEMENT
2. CONTRIBUTORY COPYRIGHT INFRINGEMENT

Jury Trial Demanded

Creative Photographers, Inc. ("CPI"), hereby prays to this Court for relief based on the following allegations:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.    CPI is a New York corporation with its primary place of business located in New York, NY. CPI is a premier photographic syndication company that provides photos of models and celebrities created by internationally renowned photographers to communication and media business. CPI exclusively administers and syndicates the photos at issue in this case and the copyrights therein, entitling CPI to maintain this action under 17 U.S.C. § 501.

5.    Upon information and belief, Defendant Gramercy Global Entertainment, LLC ("Gramercy") is a Delaware limited liability company with a principal place of business located at 8730 Sunset Blvd., 6th Floor, West Hollywood, CA 90069. Together with Defendant Banijay Entertainment Holdings US, Inc. dba Banijay Studios N.A. ("Banijay"), Gramercy owns, operates, and/or controls the commercial website theblast.com and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Defendants' Website"). Gramercy is a subsidiary of Banijay.

6.    Upon information and belief, Banijay is a California limited liability company with a principal place of business located at 8730 Sunset Blvd., 6th Floor, West Hollywood, CA 90069. Together with Gramercy, Banijay owns, operates, and/or controls Defendants' Website. Defendants' Website identified Banijay as the Copyright Agent to whom notices of alleged copyright infringement should be directed.

7.    Upon information and belief, Defendants Does 1-10 ("Doe Defendants") (collectively with Gramercy and Banijay, "Defendants") are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of the asserted copyrights, or have engaged in one or more of the

wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.     Upon information and belief, and at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## GRAMERCY'S UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPHS

9.     Photographers that CPI represents (the "Photographers") took and own the copyrights in seven original photos registered with the U.S. Copyright Office (the "Subject Photos"). CPI is the exclusive syndicator and administrator of the Subject Photos and the copyrights therein, entitling CPI to maintain this action under 17 U.S.C. § 501.

10.     Following the publication and display of the Subject Photos, Defendants, and each of them, stored, displayed, reproduced, distributed, and otherwise exploited verbatim copies of the Subject Photos for commercial purposes on Defendants' Website without a license, authorization, or consent from CPI (the "Accused Posts").

/ / /

/ / /

/ / /



| # | Subject Photos | Accused Posts |
|---|---|---|
| 1 | 1193367 | https://theblast.com/web-stories/quinta-brunson-exalts-mindy-kaling-for-exceptional-work-career/ |
| 2 | 171569 | https://theblast.com/45025/lily-collins-pulls-the-plug-in-latex-thigh-highs/ |

COMPLAINT



| # | Subject Photos | Accused Posts |
|---|---|---|
| 3 | 981270 | https://theblast.com/29350/gal-gadot-nails-tinder-pic-in-viral-dolly-parton-challenge/ |
| 4 | 1155460 | https://theblast.com/43877/lily-collins-wipes-out-instagram-with-rock-hard-six-pack/ |

| # | Subject Photos | Accused Posts |
|---|---|---|
| 5 |  1146197 | https://theblast.com/29118/gigi-hadid-suffers-uncomfortable-wardrobe-malfunction-at-paris-f/ |



| # | Subject Photos | Accused Posts |
|---|---|---|
| 6 | 1110568 | A Little Surprise For Kaley Cuoco ... https://theblast.com/61704/sarah-hyland-keegan-micheal-were-targeted-by-golden-globe-scamme/ |
| 7 | 1031498 | Gal Gadot Defends 'Cleopatra' Casting ... https://theblast.com/333102/gal-gadot-shows-off-goddess-legs-sticks-out-tongue-in-playful-swimsuit-post/ |

11.    To the extent Gramercy exploited the Accused Posts (and/or any/all other copies of the Subject Photographs) more than three years before the date of this pleading, CPI did not know, and had no reason to know, of such exploitation(s).

12.     In June 2023, CPI sent Gramercy correspondence demanding that Gramercy remove the Accused Posts, and to provide CPI with information regarding Gramercy's access to and exploitation of copies of the Subject Photos in an attempt to amicably resolve this dispute. Gramercy did not respond.

13.     As of this pleading, Gramercy continues to display the Accused Posts on Defendants' Website.

## BANIJAY'S ACTUAL KNOWLEDGE OF, AND FAILURE TO PREVENT FURTHER DAMAGE TO, THE SUBJECT PHOTOGRAPHS

14.     Upon information and belief, as of this pleading, Banijay is not a registered Digital Millennium Copyright Act (17 U.S.C. § 512, "DMCA") service with the U.S. Copyright Office for Defendants' Website. However, Banijay represents on Defendants' Website that it is the copyright agent for notices of alleged infringement regarding content on Defendants' Website.

15.     On Defendants' Website, Banijay represents that a if a copyright holder believes that there is infringing content on the Website, they can send a written notice of claimed infringement to Banijay at legal@theblast.com containing, among other things, substantially the following information: (1) identification of the works allegedly infringed; and (2) identification of the allegedly infringing content and information reasonably sufficient to allow Banijay to locate that content, namely, Uniform Resource Locators ("URLs"). Upon receipt, Banijay must remove the identified content, so as to not materially contribute to the infringing conduct.

16.     In June 2023, CPI sent Banijay correspondence at legal@theblast.com that, among other things, identified the Subject Photos and the Accused Posts, included side-by-side screenshots showing that the Accused Posts are verbatim copies of the Subject Photos, and included hyperlinked URLs for the Accused Posts. Banijay did not respond.

17.     As of this pleading, Banijay has failed to remove the Accused Posts.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against Gramercy)**

18.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

19.    Gramercy had access to copies of the Subject Photos, including through CPI's and/or the Photographers' websites, social media accounts, exhibitions, profiles, and/or authorized licensees; or a third-party website or Internet search engine.

20.    Gramercy stored, displayed, reproduced, distributed, and otherwise exploited verbatim copies of the Subject Photos for commercial purposes on Defendants' Website without a license, authorization, or consent from CPI.

21.    Due to Gramercy's acts of copyright infringement, CPI has suffered damages in an amount to be established at trial.

22.    Due to Gramercy's acts of copyright infringement, Gramercy has obtained profits it would not have realized but for its infringement of the copyrights in the Subject Photos. As such, CPI is entitled to disgorgement of Gramercy's profits attributable to the infringement of the copyrights Subject Photos in an amount to be established at trial.

23.    Gramercy committed copyright infringement with actual or constructive knowledge, or with reckless disregard or willful blindness for, CPI's rights in the Subject Photos, such that its infringing acts were willful, including because Gramercy continued to display the Accused Posts after CPI's notice of alleged infringement.

## SECOND CLAIM FOR RELIEF

**(For Contributory Infringement – Against Banijay)**

24.    CPI incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

25.    Banijay has the right and ability to supervise Defendants' Website and the content posted thereon, including removing copyright-infringing content; and to oversee the uses of the Accused Posts on Defendants' Website.

26.     Since June 2023, Banijay has had actual knowledge, and/or was aware of the facts or circumstances, of the Accused Posts (i.e., specific infringing content displayed by Gramercy on Defendants' Website). The information provided in CPI's June 2023 correspondence to Banijay contained information sufficient to confer actual knowledge on Banijay of the Accused Posts, as well as substantially the information Banijay requests in notices of alleged infringement regarding content on Defendants' Website. Moreover, CPI's June 2023 correspondence presented that information based on the relationship between the means for finding the Accused Posts (i.e., screenshots and URLs) and the Accused Posts themselves.

27.     Banijay has the tools, resources, staff, technological capabilities, and knowledge of/about content on Defendants' Website (including the Accused Posts) to locate and remove the Accused Posts, and thereby prevent further infringement of the copyrights in the Subject Photos. Doing so requires only simple measures from Banijay (i.e., merely accessing the URLs that CPI provided and removing the Accused Posts). Yet it sat on its hands and, as of this pleading, failed to remove the Accused Posts. Instead, it continues to materially contribute to further use of the Accused Posts by continuing to provide access to them (i.e., by failing to act).

28.     Due to Banijay's acts of contributory copyright infringement, CPI has suffered damages in an amount to be established at trial.

29.     Due to Banijay's acts of contributory copyright infringement, CPI has obtained profits it would not have realized but for its contributory infringement of the copyrights in the Subject Photos. As such, CPI is entitled to disgorgement of Banijay's profits attributable to its contributory infringement of the copyrights in the Subject Photos in an amount to be established at trial.

30.     Upon information and belief, Banijay has committed acts of contributory copyright infringement with actual knowledge of, or in reckless disregard or willful blindness for, CPI's rights in the Subject Photos, which renders those acts willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a.  That Defendants, each of them, their respective agents, and any/all others acting in concert with Defendants and/or their agents, be enjoined from copying, storing, displaying, reproducing, distributing, or otherwise exploiting the Subject Photos without a license, authorization, or consent from CPI in a manner that infringes the copyrights in the Subject Photos;

    b.  That Plaintiff be awarded Defendants' profits, and Plaintiff's losses, attributable to the infringement of the copyrights in the Subject Photos, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

    c.  That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

    d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    e.  That Plaintiff be awarded the costs of this action; and

    f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: October 4, 2023                DONIGER/BURROUGHS

                               By:    */s/ Stephen M. Doniger*
                                       Stephen M. Doniger, Esq.
                                         Benjamin F. Tookey, Esq.
                                         Attorneys for Plaintiff